IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LEPHAINE JEFF CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-027 |
| | ) | |
| STACEY STONE, Warden; S.R. GILLIS, | ) | |
| Assistance Warden; L. FAISON, Shift | ) | |
| Supervisor; D. TOWNS, Officer; and MRS. | ) | |
| WILLIAMS, Officer, individually and in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the above-captioned case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following Defendants:  (1) Stacey Stone, Warden at MCF; (2) S.R. Gillis, Assistant Warden at MCF; (3) L. Faison, Shift Supervisor at MCF; (4) D. Towns, Correctional Officer at MCF; and (5) Mrs. Williams, Correctional Officer at MCF.  (See doc.

no. 1, pp. 1-2, 5-6.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of screening, the facts are as follows.

On April 11, 2015, at 3:00 p.m., Plaintiff was in the Jefferson C-Pod at MCF when fellow inmates assaulted him for several minutes.  (Id. at 3.)  Plaintiff escaped his attackers, and Defendant Officer Towns found him outside C-Pod with a bloody nose, swollen face, and blurred eyesight.  (Id.)  Defendant Officers Towns and Williams intentionally deserted the officer station room at the center of C-Pod in order to allow the attack.  (Id. at 3-4.)

On April 12, 2015, Defendant Shift Supervisor Faison wrote an incident report falsely charging Plaintiff with fighting as a result of the attack.  (Id. at 4.)  Moreover, multiple correctional officers and unit staff had previously warned Defendant Faison of the attackers' "violation of serious prohibited acts," yet Defendant Faison did nothing.  (Id.)  Defendant Faison sheltered and promoted the attackers.  (Id.)  Defendants Gillis and Stone "witnessed" the other Defendants' deliberate indifference, but failed to correct them.  (Id. at 4-6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Supervisory Liability Against Warden Stone and Assistance Warden Gillis.

Plaintiff attempts to hold Defendants Stone and Gillis liable because they failed to correct the other named defendants' alleged misconduct. However, "[s]upervisory officials are not

3

liable under [Bivens] for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003). "Because vicarious liability is inapplicable to [Bivens] actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges only that Defendants Stone and Gillis "witness[ed] defendant Faison's deliberate indifferences [and] fail[ed] to correct that misconduct . . . ." (Doc. no. 1, pp. 5-6.) Such a failure to correct subordinates does not constitute actual participation in the alleged violation.

Likewise, Plaintiff has not alleged a causal connection between Defendants Stone and Gillis and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the

4

Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has not alleged that Defendants Stone and Gillis were personally involved in Plaintiff's safety and protection or were made aware ahead of time of any unlawful practices associated with Plaintiff's safety. Nor has Plaintiff alleged Defendants Stone and Gillis had any knowledge of a widespread problem with the safety of inmates at MCF. In sum, Plaintiff has not shown Defendants Stone and Gillis actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.

### 3. Plaintiff Fails to State a Failure-to-Protect Claim Against Defendant Faison.

Plaintiff has failed to state a viable Eighth Amendment claim against Defendant Faison for failure to protect him from attack. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). To establish such a claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are

evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "prison officials have a duty to protect prisoners from each other," Murphy v. Turpin, 159 F. App'x 945, 947 (11th Cir. 2005) (citing Brennan, 511 U.S. at 828-29), and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

Under the subjective component, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . . can be used to show that a prison official possessed the necessary knowledge." Id. Under the objective component, an official responds to a known risk in an objectively unreasonable

manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

Here, Plaintiff fails to show Defendant Faison had any subjective knowledge of a risk of attack against Plaintiff. Although Plaintiff alleges unnamed correctional officers and unit staff warned Defendant Faison of "serious prohibited acts" committed by Plaintiff's attackers, Plaintiff does not specify what these acts were or how they would provide Defendant Faison with notice that Plaintiff was in danger of attack. Under such circumstance, it cannot be said Defendant Faison knew of and disregarded an "excessive risk to inmate health or safety." Lane, 835 F.3d at 1308.

Accordingly, Plaintiff's fails to state a claim against Defendant Faison.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendants Stone, Gillis, and Faison be **DISMISSED** and Defendants Stone, Gillis, and Faison be **DISMISSED** from this case. In a companion Order, the Court has allowed to proceed Plaintiff's Eighth Amendment failure to protect claim against Defendant Officers Towns and Williams.

SO REPORTED and RECOMMENDED this 16th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA